UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY K. IT,

              Petitioner,

v.

BRADLEY MLODZIK,

              Respondent.

Case No. 25-CV-598-JPS

**ORDER**

On April 25, 2025, Petitioner Anthony K. It ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. ECF No. 1. On May 9, 2025, Magistrate Judge Nancy Joseph ordered Petitioner to clarify which criminal conviction and revocation he is challenging and to explain whether he had exhausted his state court remedies. ECF No. 3. On May 23, 2025, Petitioner filed an amended petition. ECF No. 6. The same day, the case was transferred to this branch of the court. The Court now screens the amended petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

**1.**    **FACTUAL BACKGROUND**

Petitioner seeks federal habeas relief in relation to his 2023 revocation proceedings in Milwaukee County Case No. 2014-CF-2788. ECF No. 6. at 2, 6. Petitioner maintains that he was not competent to represent himself during the proceedings *Id.* at 6. Petitioner believes he is entitled to a new trial because he was not competent for the revocation proceedings. *Id.* at 7. Petitioner indicates that he sent a one-page letter to the division of hearings and appeals but that he is not sure if his appeal was received. *Id.* Petitioner also indicates that he filed a post-conviction motion and a writ of

certiorari to the circuit court of hearing and appeals.[1] The Court will not elaborate further on the factual background, however, because as described below Petitioner has failed to exhaust his administrative remedies.

## 2. SCREENING ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th

---

[1] The Court notes that it is difficult to read Petitioner's handwriting in this portion of the amended petition.

Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

The exhaustion requirement applies to revocation proceedings. *See Schroeder v. Pollard*, 361 F. Supp. 3d 800, 805 (E.D. Wis. 2019) (applying habeas exhaustion requirement to Wisconsin revocation proceeding). Wisconsin law provides for review of probation revocation decisions "'by certiorari directed to the court of conviction . . . .'" *Griffin v. Hafemann*, No. 15-C-140, 2015 WL 566593, at *1 (E.D. Wis. Feb. 9, 2015) (quoting *State ex rel. Johnson v. Cady*, 185 N.W.2d 306, 311 (Wis. 1971)). An inmate has forty-five days to file a petition for a writ of certiorari challenging the administrative decision to revoke his probation. Wis. Stat. § 893.735; *Smith v. Benzel*, No. 23-CV-1405, 2024 WL 493288, at *1 (E.D. Wis. Jan. 25, 2024). If that petition is unsuccessful, the inmate must appeal the circuit court's decision to the Wisconsin Court of Appeals and, if again unsuccessful, must seek review by the Wisconsin Supreme Court. *Id.* The inmate may seek habeas relief in federal court only after each of these steps proves unsuccessful. *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Here, Petitioner provides no indication that he exhausted his administrative remedies by bringing his claims to either the Wisconsin Court of Appeals or Wisconsin Supreme Court. Magistrate Judge Joseph already provided guidance to Petitioner on the need to provide exhaustion information. *See* ECF No. 3. Further, public records indicate that Petitioner

filed no appeals of his revocation conviction to any higher state court. Thus, the Court finds that Petitioner has not sufficiently exhausted his state remedies, and the Court will therefore deny the petition and dismiss this case without prejudice. *See Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (noting that ordinarily an exhaustion dismissal is without prejudice so that the petitioner may return to state court in order to litigate the claim).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner exhausted his state remedies. As a consequence, the Court is compelled to deny a certificate of appealability as to the amended petition.

Accordingly,

**IT IS ORDERED** that Petitioner's amended petition for a writ of habeas corpus, ECF No. 6, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2025.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.